## 142. BROWN STORE COMPANY *v.* CHATTAHOOCHEE LUMBER COMPANY.

1. An instruction to a jury, presented as an isolated proposition, that one who uses as much care relative to his neighbor's property as he does to his own is exercising ordinary care, would be error requiring a new trial.

2. In the present case the trial judge several times correctly instructed

the jury on the subject of ordinary care, in immediate proximity to the instruction complained of, which, viewed as a connected part, and not as a whole distinct proposition, was not hurtful or erroneous.

3. The verdict is sustained by the evidence. The exceptions not specifically dealt with do not demand a third trial.

Action for damages, from city court of Bainbridge—Judge Harrell. June 9, 1906.

Argued February 25,—Decided April 20, 1907. Powell, J., being disqualified, Judge Hammond, of the Augusta circuit, was designated to preside in his stead.

*Pottle & Glessner,* for plaintiff.

*Donalson & Donalson,* for defendant.

HAMMOND, J. Presented as an isolated proposition, it is error to instruct a jury that one who uses as much care relative to his neighbor's property as he does to his own is exercising ordinary care.

The storm centre of the motion for new trial was the following instruction given the jury by the trial judge: "I charge you, gentlemen, that if you are satisfied by a preponderance of the testimony that the defendant, the Chattahoochee Lumber Company, used as much care in the protection of their neighbor's property as in the protection of their own property, the defendant would not be liable." This instruction standing alone would be error requiring a new trial. Section 2898 of the Civil Code reads, in part: "Ordinary diligence is that care which every prudent man takes of his own property of a similar nature." To omit from this succinct definition the phrase "every prudent man" is to radically alter not only its form, but its substance. In every case involving the law of negligence the jury should, in the light of the facts of that case, take the mould of a prudent man. If the person charged with a lack of ordinary care does not fill that mould, the charge of negligence is established. When it is shown that his stature is not that of a prudent man, he can not seek shelter from the results of his tortious acts, under the claim that he treated his neighbor's property as he did his own. Though the reckless and adventurous *entrepreneur* may treat the property of others just at he treats his own, he will not be held blameless in law. While all this is true, still, in the present case, the court gave correct instructions to the jury several times on the subject

of ordinary care. These correct instructions were in immediate proximity to the extract from the charge here being considered. It can not be fairly viewed, we think, as a whole distinct proposition, but merely as a part,—a connected part, of a proposition. So regarded, it was neither hurtful nor erroneous.

This is the second verdict for the defendant and is amply sustained by the evidence. Those exceptions to the rulings and charge of the court not discussed do not, we think, demand a third trial of the case.　　　　　　　　　　　　　*Judgment affirmed.*